## Roberts v. Philadelphia

*James L. Womer,* for plaintiffs.
*Richard Lee Bush,* for defendant.
*J. F. Barth,* for additional defendant.

GUARINO, *J.,* January 19, 1978—On August 22, 1977, plaintiffs instituted the present action in trespass by complaint against defendant, City of

Philadelphia, to recover for personal injuries as a result of an accident occurring on August 23, 1975. The city responded by filing an answer, new matter and counterclaim, which traversed plaintiffs' allegations, joined the driver-plaintiff, Deborah Scott, as additional defendant, and counterclaimed for damages caused to its vehicle.

To this pleading, both the additional defendant and plaintiffs have filed responsive pleadings. The additional defendant has filed a pleading that she has entitled "Reply and New Matter" in which she alleges: (1) The defense of statute of limitations as it applies to plaintiffs' right to recovery for personal injuries against her, and (2) that the Pennsylvania No-Fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101, effective July 19, 1975, abolished tort liability for personal injuries in motor vehicle cases. On their behalf, plaintiffs have responded by filing what they term a "Reply to [the defendant's] New Matter." Defendant, City of Philadelphia, has filed preliminary objections in nature of motion to strike to the new matter of additional defendant, Deborah Scott, for failure to conform to the rules of court.

Pa. R.C.P. 1017(b)(2) provides that a pleading may be striken "because of lack of conformity to law or rule of court . . ."

Defendant contends that additional defendant's pleading violates subsection (a) of Rule 1017 which specifically limits the pleading allowed to "an answer . . . a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter . . ."

We cannot agree that the additional defendant is precluded from filing an appropriate and complete answer to defendant's pleading (complaint) against her. As between themselves, the proce-

dure, "including pleadings . . . shall be the same as though the party joining the additional defendant were plaintiff and additional defendant were defendant." Pa. R.C.P. 2255(a).

While additional defendant has called her pleading "Reply to New Matter," the pleading is, in essence, an answer to defendant city's complaint against her. As a party defendant in relation to the city, she must, at risk of waiving the defense, affirmatively allege the defense of statute of limitations. "All affirmative defenses, including . . . statute of limitations, shall be pleaded in a responsive pleading with the heading 'New Matter' ": Pa. R.C.P. 1030. Moreover, "[a] party may set forth as new matter any other material facts which are not merely denials of the averments of preceding pleading": Id. The additional defense that the claim is abolished by the Pennsylvania No-Fault Motor Vehicle Insurance Act is an affirmative defense which comes within the purview of the provisions of the catch-all phrase of the rule.

The defense is similar to the defense involved in the case of Uhr v. 3361, Inc., 21 D. & C. 2d 348 (1960). In that case, when defendant, on a preliminary objection, raised the issue that the sale of a taproom was exempt from the operation of the Bulk Sales Act, the court held that the defense was unavailable on a preliminary objection because it was an affirmative defense properly to be pleaded in an answer and new matter: Id. p. 350.

Correcting, then, the malapropism — "Reply to New Matter" — to "Answer and New Matter," for, in essence, it is what the additional defendant has done, the pleading filed does conform with the requirements of the rules of procedure. Defendant's preliminary objection in the nature of a motion to

strike the pleading for failure to conform to a rule of court does not lie and is hereby dismissed.

The order of Judge Greenberg, dated April 16, 1975, in the case of Taylor v. City of Philadelphia, Kaufman Construction Company, Inc., and Tishman Construction Company, Inc., Phila. C. P. September term, 1974, no. 5385, has been cited as controlling this case. A careful review of that case, however, indicates that the case is markedly distinguished on the facts. In Taylor, plaintiff had initially sued the three defendants, each of whom filed a responsive pleading against plaintiff. Defendant Kaufman also filed a pleading against the other two defendants, calling it "Reply to New Matter of City of Philadelphia, New Matter Asserting Crossclaim against City of Philadelphia and Tishman Construction Co., Inc." Judge Greenberg properly struck this pleading on city's motion to strike. Defendants joined by a plaintiff are not, inter sese, plaintiffs and defendant as is the case between a defendant and additional defendant.

Accordingly, preliminary objections of the City of Philadelphia are dismissed.